United States Courts
Southern District of Texas
FILED
October 27, 2026
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.** **4:26-cr-699** |
| | § | |
| **YOLANDA JOHNSON** | § | |

# INFORMATION

## COUNT ONE

(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 371)

1. The Department of Veterans Affairs (VA) was an agency of the United States government. The Veterans Healthcare Administration (VHA) was the division of the VA that provided health care benefits to honorably discharged United States military veterans. The VHA operated medical centers throughout the country, including the Veterans Affairs Medical Center in Houston, Texas (VAMC), which provided healthcare benefits, items, and services to veterans.

2. The VHA provided prosthetic equipment (PE) to veterans based on medical

3. necessity as determined by a VHA physician. When a VHA physician found that PE was medically necessary, the physician entered, or caused to be entered, a "consult" into the VHA computer system in order to allow the prosthetics department to procure the PE from outside vendors for the veteran. This "consult" was akin to a prescription for PE. These prescriptions or "consults" were for items such as ramps, lifts, and wheelchairs. "Consults" were valid for one calendar year, but representatives in the prosthetics department could "clone" or re-use a consult within one year of the original consult if the original PE needed repair.

4. YOLANDA JOHNSON ("JOHNSON") was an employee of the VAMC in Houston, Texas in the prosthetics department. As a prosthetics representative, JOHNSON was responsible for coordinating the acquisition and delivery of PE to patients after a "consult" was entered into the VHA computer system. JOHNSON was authorized to obtain estimates, issue purchase orders, and pay vendors who provided PE to veterans. JOHNSON used government-issued VISA credit cards to pay vendors to provide PE to veterans.

5. Margarita Clayborne was the co-owner and, upon the passing of her husband in 2021, the total owner of C&M Mobility (C&M). C&M was classified by the VA as a vendor approved to provide PE to veterans served by the VAMC. As an approved vendor, C&M was set up to receive payments from VA representatives' government-issued VISA credit cards. After fulfilling a consult, the vendor would send a bill to a VA purchasing agent, who would then use their government-issued VISA credit card number to pay for the order.

6. In October 2025, C&M ceased operations and was effectively defunct and provided no actual goods or services to the VA.

## **THE CONSPIRACY**

7. From in or about 2021 and continuing through in or about 2025, in the Houston Division of the Southern District of Texas and elsewhere,

**YOLANDA JOHNSON**

defendant herein, did knowingly combine, conspire, confederate, and agree with others known and unknown to commit the following offense against the United States:

> To use interstate wire facilities for the purpose of executing a scheme and artifice to defraud and for obtaining money or property by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

## **B. MANNER AND MEANS OF THE CONSPIRACY**

8. Defendants sought to accomplish the purpose of the conspiracy by:

a. Taking purchase orders and ensuring that they were assigned to C&M;

b. C&M would fulfill the order and add an inflated shipping/delivery fee that was oftentimes more expensive than the item being delivered;

c. C&M would send VA a bill for the delivery of the item. JOHNSON would use her government-issued VISA credit cards to pay C&M;

d. C&M and JOHNSON would divide the proceeds of the inflated shipping/delivery fee derived from VA payments to C&M.

e. CLAYBORNE would send JOHNSON a portion of the proceeds via Zelle, wire transfers, and other methods.

## C. ACTS IN FURTHERANCE OF THE CONSPIRACY

9. On or about January 29, 2021, JOHNSON issued a purchase order for C&M to provide a rollator to a veteran whose initials are "MM". VA was billed $500 for delivery of the rollator.

10. On or about August 2, 2023, JOHNSON issued a purchase order for C&M to provide an upright walker to a veteran whose initials are "DL". VA was billed $500 for delivery of the walker.

11. On or about June 24, 2025, JOHNSON issued a purchase order for C&M to provide a wheelchair to a veteran whose initials are "LM". VA was billed $450 for delivery of the wheelchair.

12. On or about August 1, 2025, JOHNSON issued a purchase order for C&M to provide a scooter to a veteran whose initials are "MD". VA was billed $400 for delivery of the scooter.

13. On or about April 7, 2021, JOHNSON received a $225 wire transfer from CLAYBORNE as proceeds from VA fraud. JOHNSON'S $225 VA fraud proceeds payment was deposited into JOHNSON'S Navy Federal bank account ending in 8674.

14. On or about January 26, 2022, JOHNSON received a $500 wire transfer from CLAYBORNE as proceeds from VA fraud. JOHNSON'S $500 VA fraud proceeds payment was deposited into JOHNSON'S Navy Federal bank account ending in 8674.

15. On or about July 28, 2023, JOHNSON received a $400 wire transfer from CLAYBORNE as proceeds from VA fraud. JOHNSON'S $400 VA fraud proceeds payment was deposited into JOHNSON'S Navy Federal bank account ending in 8674.

16. On or about February 12, 2024, JOHNSON received a $450 wire transfer from CLAYBORNE as proceeds from VA fraud. JOHNSON'S $450 VA fraud proceeds payment was deposited into JOHNSON'S Navy Federal bank account ending in 8674.

17. On or about January 6, 2025, JOHNSON received a $400 wire transfer from CLAYBORNE as proceeds from VA fraud. JOHNSON'S $400 VA fraud proceeds payment was deposited into JOHNSON'S Navy Federal bank account ending in 8674.

18. From on or about November 2020 through on or about August 2025, JOHNSON used her government-issued Visa credit cards to conduct approximately 1,437 transactions with C&M.

19. From on or about November 2020 through on or about August 2025, JOHNSON and her co-conspirators fraudulently obtained approximately $182,000 through the conspiracy scheme.

## **NOTICE OF CRIMINAL FORFEITURE**

28 U.S.C. Section 246l(c); 18 U.S.C. Section 98l(a)(l)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 98l(a)(l)(C), the United States gives notice to the defendants,

**YOLANDA JOHNSON**

that in the event of conviction of the offense charged in any count of this Information, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses. The amount of proceeds subject to forfeiture is believed to be at least $182,000.

### **Money Judgment**

Defendant **YOLANDA JOHNSON** is notified that upon conviction, a money judgment may be imposed.

### **Substitute Assets**

Defendant **YOLANDA JOHNSON** is notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture.

AARON F. REITZ
UNITED STATES ATTORNEY

Tina Ansari
TINA ANSARI
ASSISTANT UNITED STATES ATTORNEY